**Luis ALVARADO–LARA, Petitioner,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**No. 05–73233.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Oct. 2, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeremy M. Clason, Esq., Camille K. Cook, Esq., Freson, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Brooke M. Maurer, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

*** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM ***

Luis Alvarado–Lara, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence a finding of statutory ineligibility for cancellation of removal based on a lack of good moral character, see *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

■ Substantial evidence supports the IJ's determination that Alvarado–Lara gave false testimony to obtain an immigration benefit when he testified he had not been arrested in 1997, and thus lacked the good moral character required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B); 8 U.S.C. § 1101(f)(6); *Ramos*, 246 F.3d at 1266.

Because the moral character determination is dispositive, we do not reach Alvarado–Lara's contentions regarding whether he can establish the requisite hardship to a qualifying relative.

■ Contrary to Alvarado–Lara's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar*, 210 F.3d at 971 (citation omitted).

**PETITION FOR REVIEW DENIED.**